# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| PAUL R. HALL,<br><br>              Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 1:12-cv-243<br>*Related to Case No.*: 1:08-cr-141<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on multiple motions that Petitioner Paul R. Hall ("Mr. Hall") filed pro se on November 13, 2012. The motions before the court include a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. No. 1), a Motion for Downward Departure (Dkt. No. 3), a Motion for Mental Health Examination (Dkt. No. 5), and a Motion to Appoint Counsel (Dkt. No. 6).

The court DENIES all claims in Mr. Hall's § 2255 Motion because the motion is untimely and he expressly waived his right to appeal. (Dkt. No. 1). The court also DENIES Mr. Hall's Motion to Appoint Counsel because it is moot in light of the untimeliness of his § 2255 Motion and DENIES his Motion for Mental Health Examination based on the fact that he has already received multiple mental health examinations and been found competent. (Dkt. Nos. 5, 6). Mr. Hall's Motion for Downward Departure is DENIED because the court lacks jurisdiction over the matter.

(Dkt. No. 3).

## FACTUAL BACKGROUND

Mr. Hall was arrested on December 18, 2008 and charged with multiple criminal offenses. On April 6, 2011, Mr. Hall pled guilty and was sentenced on two counts of Carjacking under 18 U.S.C. § 2119 and one count of Brandishing a Firearm During and in Relation to a Crime of Violence pursuant to 18 U.S.C. § 924(c). The court sentenced Mr. Hall to 130 months on the Carjacking counts and to 84 months on the Brandishing a Firearm count for a total amount of 214 months in the custody of the Bureau of Prisons. The court also sentenced Mr. Hall to 60 months Supervised Release with standard and special conditions following his prison sentence. Mr. Hall did not appeal.

Mr. Hall, a federal prisoner in the custody of the Bureau of Prisons, now seeks habeas relief pursuant to 28 U.S.C. § 2255 on grounds of ineffective assistance of counsel, prosecutorial misconduct and insufficient evidence. He also asks the court for a downward departure in his sentencing, for a thorough mental health examination due to his alleged incompetency, and moves for the court to appoint an attorney to assist him with his habeas corpus case under § 2255.

Several other important facts concerning this case include that Mr. Hall had a psychiatric examination during the pendency of the case which was considered by the court at sentencing. Mr. Hall made a motion for an examination during his criminal proceedings which the court granted and sentencing was delayed twice to allow the examination to be conducted, the records gathered, and a report prepared. Dr. Nancy Cohn completed a mental health examination report on Mr. Hall that was submitted to the court in conjunction with Mr. Hall's sentencing memorandum. Mr. Hall additionally had two prior mental health examinations which were discussed in the Presentence

Investigation Report.

## ANALYSIS

I. **MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (28 U.S.C. § 2255)**

Title 28 U.S.C. § 2255(a) states:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Because Mr. Hall is proceeding pro se, the court must construe his pleadings liberally. *Allred v. United States*, Case No. 2009 U.S. Dist. LEXIS 112542, *2 (D. Utah Dec. 3, 2009) (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)). However, Mr. Hall still has the burden to allege "sufficient facts on which a recognized legal claim could be based," and it is not proper for the "court to assume the role of advocate for the pro se litigant." *Id.* "The court need not accept as true a pro se plaintiff's 'conclusory allegations.'" *Flynn v. United States*, 2011 U.S. Dist. LEXIS 146522, *5 (D. Utah Dec. 16, 2011) (quoting *Hall*, 935 F.2d at 1110). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Allred*, 2009 U.S. Dist. LEXIS 112542 at *2 (citations omitted).

First, Mr. Hall asserts he had ineffective assistance of counsel. At the outset of his arguments, Mr. Hall asserts that he asked his attorney David W. Brown ("Mr. Brown") to file an appeal but that Mr. Brown denied his request. Mr. Hall argues that the statute of limitations should be waived and the court should freely accept his § 2255 Motion. The court disagrees. Congress specified that "[a] 1-year period of limitation shall apply to a motion under this section. 28 U.S.C. § 2255(f)(1). The limitation period shall run from the latest of . . . . (1) the date on which the

3

judgment of conviction becomes final." Thus, Mr. Hall's Motion is untimely because he filed it after the 1-year limitation period had expired. Mr. Hall's judgment was entered on April 8, 2011. He did not file a direct appeal from his conviction and his judgment then became final when his opportunity to file a certiorari petition passed after 90 days. *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). Therefore, when Mr. Hall filed his § 2255 Motion on November 13, 2012, it was filed over four months past the deadline and is deemed untimely.

While the motion is untimely and is procedurally deficient, a petitioner can overcome the procedural deficiency by demonstrating "either cause and prejudice or a fundamental miscarriage of justice for a federal court to review his claims on habeas." *Romero v. Tansy*, 46 F.3d 1024, 1028 (10th Cir. 1995). In *Romero*, the district court found that because the appellant in the case had alleged that his attorney was constitutionally ineffective for failing to perfect a direct appeal, the appellant had demonstrated cause for his procedural default. In the instant case, Mr. Hall has alleged the same, asserting that his attorney Mr. Brown was constitutionally ineffective for not filing a direct appeal. The distinguishing factor, however, is that Mr. Hall actually "knowingly, voluntarily, and expressly" waived his right to appeal and therefore Mr. Brown's failure to file an appeal was not ineffective assistance of counsel. (Dkt. No. 62 at 4, ¶ (3)(a) in Case No. 1:08-cr-141).

Morever, the Supreme Court has stated that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In addition to waiving his right to appeal, Mr. Hall pled guilty to the crimes stated in his plea agreement. When "a criminal defendant has solemly admitted in open court that he is in fact guilty of the offense which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*; *see also*

4

*United States v. Doe*, 698 F.3d 1284, 1289 (10th Cir. 2012) (citing this principle). In this case, Mr. Hall engaged in a Rule 11 colloquy with the court and he made modifications to the plea agreement as is evidenced by his initials on it. Although Mr. Hall contends he did not enter into the plea agreement voluntarily due to mental incompetency, he had several mental examinations and was found competent before entering into his plea. The court therefore concludes that he entered into his plea freely, voluntarily, and with full knowledge of his rights and the consequences of the plea.

To the extent that Mr. Hall entered his plea freely, voluntarily, and with full knowledge, with the assistance of counsel, had had multiple mental health examinations, all of which showed him to be competent to enter such a plea, and then expressly waived his right to appeal, Mr. Hall has not shown either cause and prejudice nor a fundamental miscarriage of justice which are requisite to overcome his procedurally deficient filings. The court must therefore deny his § 2255 Motion and does so accordingly.

## II.   MOTION TO APPOINT COUNSEL

Mr. Hall also moves the court to appoint counsel to assist him in his habeas corpus case. This issue is deemed moot because the court finds that Mr. Hall's § 2255 Motion is untimely and therefore denied. Because Mr. Hall's habeas corpus case is denied, there is no need for the court to appoint an attorney to represent him in that case.

## III.   MOTION FOR DOWNWARD DEPARTURE

Mr. Hall moves the court for a downward departure reducing his sentence to time served or half of his original sentence. Mr. Hall argues that the court should grant this motion for two reasons: (1) his incompetency, and (2) his willingess to provide substantial assistance in "an unsolved high-profile murder case" under U.S.S.G. § 5K1.1. Here, the court lacks jurisdiction to modify Mr. Hall's

sentence. The Director of the Bureau of Prisons must move the court to reduce a term of imprisonment if it finds special circumstances exist. *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (citing 18 U.S.C. § 3582(c)(1)(A)(i),(ii). This has not occurred. Thus, the court has no jurisdiction over the matter. Additionally, § 5K1.1 is available only to address a defendant's substantial assistance prior to sentencing. *United States v. Quach*, 302 F.3d 1096, 1102 (9th Cir. 2002) (quoting *United States v. Drown*, 942 F.2d 55, 59 & n.7 (1st Cir. 1991). Mr. Hall did not provide any substantial assistance prior to sentencing and the government did not make a motion under § 5K1.1 at sentencing, nor was a promise for a § 5K1.1 motion included in the plea agreement. Thus, the court has no jurisdiction to consider modifications to Mr. Hall's sentence.

**IV.     MOTION FOR MENTAL HEALTH EXAMINATION**

Mr. Hall additionally moves the court to grant him a mental health examination. Mr. Hall states that "he has been suffering from mental health issues such as paranoid schizophrenia, bipolar, [and] post-traumatic stress disorder for 12 years" and argues that this would have affected the outcome of his criminal case. There is no basis for the court to grant Mr. Hall another mental health examination. Mr. Hall had previous mental health examinations and each found him to be competent. Thus, Mr. Hall has failed to provide a factual basis to show why the court should now grant him another mental health examination.

**V.      CERTIFICATE OF APPEALABILITY**

When a district court issues a final order in a proceeding under § 2255, the court must address whether a certificate of appealability should be issued. Rule 11(a) of Rules Governing Section 2255 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Hall

has failed to make a substantial showing that he was denied a constitutional right. Accordingly, the court denies a certificate of appealability for Mr. Hall's § 2255 Motion.

## **CONCLUSION**

For the reasons set forth above, Petitioner Paul R. Hall's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED because the motion is untimely and Mr. Hall expressly waived his right to appeal. (Dkt. No. 1). The court also DENIES Mr. Hall's Motion to Appoint Counsel because it is moot due to the untimeliness of his § 2255 Motion and DENIES Mr. Hall's Motion for Mental Health Examination based on the fact that he has already received multiple mental health examinations and been found competent. (Dkt. Nos. 5, 6). Mr. Hall's Motion for Downward Departure is DENIED because the court lacks jurisdiction over the matter. (Dkt. No. 3). The court thus DENIES all relief Mr. Hall seeks and closes this case.

SO ORDERED this 19th day of August, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge